# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| GLORIA MARIGNY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 14-cv-03010-JPM-tmp |
| | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

## REPORT AND RECOMMENDATION
_____

Before the court by order of reference (ECF No. 37) is defendant Department of Veterans Affairs' ("Defendant") Second Status Report and Motion for Sanctions, filed on May 23, 2016. (ECF No. 51.) Plaintiff Gloria Marigny has failed to timely file a response, and the deadline for doing so has expired. For the reasons set forth below, the court recommends that Defendant's motion be granted and Marigny's case be dismissed with prejudice.

## I. PROPOSED FINDINGS OF FACT

Marigny filed her complaint on December 22, 2014. (ECF No. 1.) That same day, Marigny filed a motion for leave to proceed *in forma pauperis*, which was granted on December 23, 2014. (ECF Nos. 2 & 5.) A scheduling conference was set for June 23, 2015, before the undersigned magistrate judge, but Marigny failed to appear. (ECF No. 18.) After Marigny appeared with her newly retained

attorney at the July 23, 2015 scheduling conference, the case experienced additional delays when Marigny's attorney moved to withdraw, citing Marigny's "refus[al] to cooperate." (ECF No. 30.) On September 15, 2015, District Judge Jon Phipps McCalla held a telephonic hearing and granted the attorney's motion. (ECF Nos. 35 & 36.) On December 22, 2015, one year after the filing of Marigny's complaint, Judge McCalla held another telephonic scheduling conference, attended by Marigny and Christal Edwards, who purported to be Marigny's new attorney. (ECF No. 39.) During the conference, Edwards advised the court that she would file a Notice of Appearance by December 23, 2015. However, Edwards never filed a Notice of Appearance in this case.

At the December 22 scheduling conference, trial was set for November 14, 2016, and the parties were ordered to proceed with discovery pursuant to the terms of the Standard Track Scheduling Order. (ECF No. 41.) Marigny's initial disclosures under Rule 26 were originally due on January 6, 2016, but, having missed that deadline, Marigny filed a motion for an extension of time on February 12, 2016. (ECF No. 42.) Judge McCalla granted the motion on February 16, 2016, extending the deadline to February 19. (ECF No. 44.) Marigny missed the new deadline, and filed insufficient partial disclosures along with another motion for extension of time on February 23, 2016. (ECF No. 47.) By this point, Defendant had already filed a motion to compel, which was granted by the

undersigned in an order dated March 11, 2016. (ECF Nos. 45 & 48.) The order directed Marigny to provide her complete initial disclosures by March 21, 2016, or else be subject to the imposition of sanctions. Marigny again failed to provide her initial disclosures by the court-ordered date, which prompted Defendants to file a Motion for Sanctions on April 1, 2016. (ECF No. 49.) Marigny did not respond to this motion. Nevertheless, the undersigned denied Defendant's motion without prejudice on May 6, 2016, noting that Marigny had not yet been adequately warned that failure to comply with the court's orders could result in the dismissal of her case. The court ordered Marigny to fully comply with the initial disclosure requirements of Rule 26 by May 20, 2016. The court warned Marigny that "failure to comply with this order in a timely manner may result, upon further motion by the defendant, in the imposition of sanctions, potentially up to and including a recommendation to the presiding district judge that this action be dismissed with prejudice." (ECF No. 50.)

Defendant filed the present motion on May 23, 2016. (ECF No. 51.) Defendant alleges that Marigny has still failed to make her initial disclosures, in violation of the court's various orders. Defendant requests that the court sanction Marigny by dismissing her case with prejudice. Marigny has not filed a response to this latest motion.

## II. PROPOSED CONCLUSIONS OF LAW

The court applies Federal Rule of Civil Procedure 37(b) when determining whether and how to sanction a party that fails to comply with its discovery orders. The Sixth Circuit has outlined four factors to consider in determining whether to impose the sanction of dismissal pursuant to Rule 37: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (quoting United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)).

The court finds that Marigny has willfully and in bad faith failed to comply with the court's orders in that Marigny, despite having multiple opportunities to properly comply with her disclosure responsibilities under Rule 26, has failed to satisfy her discovery obligations each and every time. These repeated failures have prejudiced Defendant "by preventing it from obtaining evidence essential to the preparation of its defense." Id. Furthermore, Marigny has been warned that failure to comply with the court's orders could lead to dismissal of her case. Marigny has been warned of the possibility of sanctions on three separate occasions: (1) Order Granting Leave to Proceed *In Forma Pauperis*

-4-

(ECF No. 5), which included a blanket statement that failure to comply with any order of the court "may result in this case being dismissed without further notice"; (2) Order Granting Motion to Compel (ECF No. 48), which noted that failure to comply "may result in the imposition of sanctions"; and (3) Order Compelling Plaintiff to Provide Full Rule 26 Initial Disclosures (ECF No. 50), which warned that Marigny's failure to comply with the court's order could result in "a recommendation to the presiding district judge that this action be dismissed with prejudice." In light of these repeated warnings, the court does not believe that a less drastic sanction is appropriate in this case. Therefore, the court recommends that Marigny's case be dismissed with prejudice.

### III. RECOMMENDATION

For the reasons stated above, the court recommends that Defendant's motion for sanctions be granted and Marigny's case be dismissed with prejudice.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 24, 2016
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE**

**SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**