# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GLORIA MARIGNY, | ) |
| Plaintiff, | ) |
| v. | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) No. 2:14-cv-03010-JPM-tmp |
| Defendant. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, ORDER GRANTING DEFENDANT'S SECOND MOTION FOR SANCTIONS, AND ORDER OF DISMISSAL WITH PREJUDICE**

Before the Court is the Report and Recommendation filed by Magistrate Judge Pham on June 24, 2016. (ECF No. 52.) In the Report and Recommendation, the Magistrate Judge recommends that Defendant's second Motion for Sanctions by granted and Plaintiff's Complaint be dismissed with prejudice. (Id. at 1.)

On July 6, 2016, Plaintiff filed a copy of a letter she had sent to defense counsel, explaining that she did not receive all of the filings in this case and that she was in the process of retaining an attorney who would forward initial disclosures by July 12, 2016. (ECF No. 53.) Construing this filing as an objection to the Report and Recommendation, Defendant filed a response on July 7, 2016. (ECF No. 54.)

On July 8, 2016, Plaintiff timely filed her objections to the Report and Recommendation. (ECF No. 55.)

## I. BACKGROUND

On December 22, 2014, Plaintiff filed a pro se Complaint, alleging that Defendant discriminated against her based on race, color, and age, and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Defendant filed an Answer on May 27, 2016. (ECF No. 15.) On July 29, 2015, attorney Joree Brownlow entered an appearance on Plaintiff's behalf. (ECF No. 26.) On August 18, 2015, Brownlow filed a motion to withdraw (ECF No. 30), which the Court granted on September 15, 2015. (ECF 36.)

On December 22, 2015, the Court held a scheduling conference and, inter alia, set a deadline of January 6, 2016, for initial disclosures. (ECF Nos. 40, 41.) On February 12, 2016, Plaintiff filed a motion for extension of time to complete her initial disclosures, alleging that her newly retained counsel, Christal Edwards, was in the hospital and unreachable. (ECF No. 42.) The Court granted Plaintiff's motion and extended the deadline to February 19, 2016. (ECF No. 44.)

On February 22, 2016, having not yet received Plaintiff's initial disclosures, Defendant filed a Motion to Compel. (ECF No. 45.) On February 25, 2016, Plaintiff informed the Court that Edwards was no longer in the hospital and would resume

2

representation.  (ECF No. 47.)  On March 11, 2016, the Magistrate Judge granted the motion to compel, ordered Plaintiff to provide initial disclosures by March 21, 2016, and warned Plaintiff that failure to comply may result in the imposition of sanctions.  (ECF No. 48.)

On April 1, 2016, Defendant notified the Court that Plaintiff had still not provided initial disclosures and moved for sanctions.  (ECF No. 49.)  On May 6, 2016, the Magistrate Judge issued an order denying Defendant's motion for sanctions and compelling Plaintiff to provide full Rule 26 initial disclosures by May 20, 2016.  (ECF No. 50.)

On May 23, 2016, Defendant filed its second Motion for Sanctions.  (ECF No. 51.)  Plaintiff did not file a response. On June 24, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that this case be dismissed with prejudice.  (ECF No. 52.)  On July 6, 2016, Plaintiff filed a copy of a letter sent to defense counsel in which she asserted that she did not receive several filings in this case and that she was in the process of retaining an attorney who would be forwarding initial disclosures by July 12, 2016.  (ECF No. 53.) On July 7, 2016, construing Plaintiff's filing as an objection to the Report and Recommendation, Defendant filed a response. (ECF No. 55.)  On July 8, 2016, Plaintiff filed objections to the Report and Recommendation, reiterating that Edwards had been

3

in the hospital and that Plaintiff did not receive recent filings. (ECF No. 56.) Plaintiff also filed a motion for a continuance (ECF No. 57) and a letter to the Court, again explaining that she did not receive the filings at ECF Nos. 48 or 49 and notifying the Court that she will either forward initial disclosures pro se or a new attorney will be forwarding them by July 19, 2016 (ECF No. 58).

**II. ANALYSIS**

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

In the Report and Recommendation, Magistrate Judge Pham recommends dismissal with prejudice of Plaintiff's case because he found that Plaintiff willfully and in bad faith failed to comply with the Court's orders to provide Defendant with initial disclosures. (ECF No. 52 at 4-5.) Plaintiff asserts that her noncompliance should be excused because she experienced complications with retaining counsel and did not receive at least two filings. (ECF Nos. 56, 58.) Defendant maintains that

4

Plaintiff received these filings, as evidenced by the electronic service receipts for all motions and Court orders and the certificate of service on all motions. (ECF No. 55.)

"Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, 'a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit.'" Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013) (quoting Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995)). Courts in this Circuit consider four factors in determining whether dismissal is an appropriate sanction:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. (quoting United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002)).

Almost seven months have passed since the Court first instructed Plaintiff to provide initial disclosures during the December 22, 2015, scheduling conference. Since that date, Plaintiff has been granted one extension and has been ordered to provide initial disclosures two additional times. (See ECF Nos. 44, 48, 50.) Despite Plaintiff's assertion that she retained Edwards as counsel, Edwards never filed a notice of appearance

5

in this case.  Thus, Plaintiff appeared before the Court as a pro se litigant.  As a pro se litigant, Plaintiff has an obligation to comply with the Federal Rules of Civil Procedure.[1] Although Plaintiff contends that she did not receive the Court's orders requiring her to provide initial disclosures, the Court's electronic notification receipt reflects that copies of these orders were sent to the email address provided by Plaintiff. Moreover, as of the date of this Order, it appears that Plaintiff has still not provided Defendant with initial disclosures.

Accordingly, the Court finds that Plaintiff's failure to provide initial disclosures, despite repeated orders to do so, was willful and in bad faith.  Defendant has been unfairly prejudiced by Plaintiff's failure to provide initial disclosures during the nineteen-month period since Plaintiff filed the Complaint.  Defendant has been forced to file unnecessary motions to compel initial disclosures and has been unable to proceed with discovery due to the lack of disclosures.  There is also an increased risk that Defendant will be prejudiced by fading witnesses' recollections.  The Court finds that Plaintiff has been repeatedly warned that failure to provide required

---

[1] Documents filed by pro se litigants are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Pro se litigants, however, are not exempt from the basic requirements of the Federal Rules of Civil Procedure.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

disclosures could result in sanctions, including dismissal. Having already granted Plaintiff repeated extensions to provide her initial disclosures, it appears that dismissal is the only appropriate remedy at this juncture.

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation (ECF No. 52) in its entirety. Defendant's second motion for sanctions is GRANTED, and Plaintiff's Complaint (ECF No. 1.) is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 13th day of July, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE